WILLIAM E. KOVACIC
General Counsel
JAMES A. PRUNTY
GREGORY A. ASHE
Federal Trade Commission
600 Pennsylvania Ave., N.W., Rm. NJ2122
Washington, D.C.  20580
ATTORNEYS FOR PLAINTIFF
(ph) 202-326-3719 (Ashe)
(ph) 202-326-2438 (Prunty)
(fax) 202-326-2558

FILED

05 JUN -3 AM 10: 42

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>AMADA GUERRA, individually and doing<br>business as AG Intercraft,<br><br>Defendant. | Case No. 6:04-cv-1395-ORL-22KRS<br><br><br>STIPULATED FINAL ORDER<br>AND JUDGMENT |

Plaintiff, the Federal Trade Commission ("FTC"), commenced this action on September

21, 2004, by filing its Complaint against defendant Amada Guerra, individually and doing

business as AG Intercraft.  The Complaint alleges that Defendant engaged in deceptive acts or

practices in violation of Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

§ 45, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the

marketing and sale of work-at-home business opportunities.  The FTC and Defendant hereby

stipulate to the entry of this Final Order and Judgment ("Final Order").

1

### FINDINGS

By stipulation of the parties and being advised of the premises, the Court finds:

1.  This is an action by the FTC instituted pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b.  The Complaint seeks permanent injunctive relief, rescission of contracts, restitution, and disgorgement of ill-gotten gains for Defendant's alleged deceptive acts or practices in connection with the marketing and sale of work-at-home business opportunities.

2.  The FTC has the authority under Sections 13(b) and 19 of the FTC Act to seek the relief it has requested, and the Complaint states a claim upon which relief can be granted against Defendant.

3.  This Court has jurisdiction over the subject matter of this case and has jurisdiction over Defendant.  Venue in the Middle District of Florida is proper.

4.  The activities of Defendant, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.  The parties stipulate and agree to entry of this Order, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the date of entry of this Order.  This settlement does not settle and resolve any matters not alleged in the Complaint.  Defendant does not admit any of the allegations set forth in the Complaint, other than the jurisdictional facts, merely by stipulating and agreeing to the entry of this Order.

6.  Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Defendant also waives any claim that she may have held under the

Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each settling party shall bear its own costs and attorneys fees.

7.     This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8.     Entry of this Order is in the public interest.

**DEFINITIONS**

For the purposes of this Order, the following definitions shall apply:

A.     "Work-at-home business opportunity" means any plan, program, product, or service represented to enable participants or purchasers to earn money while working from home.

B.     "Employment opportunity" means any plan, program, product, or service represented to enable participants or purchasers to earn money through any type of work.

C.     "Business Venture" means any written or oral business arrangement, however denominated, which consists of the payment of any consideration for:

    (a)     the right or means to offer, sell or distribute goods or services (whether or not identified by a trademark, service mark, trade name, advertising, or other commercial symbol); and

    (b)     assistance to any person or entity in connection with or incident to the establishment, maintenance, or operation of a new business or the entry by an existing business into a new line or type of business.

D.     "Investment opportunity" means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

3

E.    "Telemarketing" means any business activity (which includes, but is not limited to,

initiating or receiving telephone calls, managing or contracting with others who initiate or

receive telephone calls, operating an enterprise that initiates or receives telephone calls,

owning an enterprise that initiates or receives telephone calls, or otherwise participating

as an officer, director, employee or independent contractor in an enterprise that initiates

or receives telephone calls) that involves attempts to induce consumers to purchase any

item, good, or service, or to enter a contest for a prize, by means of telephone sales

presentations, either exclusively or in conjunction with the use of other forms of

marketing.  Provided that, for the purpose of Section III of this Final Order,

"telemarketing" shall be defined as set forth in the TSR, 16 C.F.R. § 310.2.

F.    "Assisting others" means providing any of the following goods or services to any person

or entity: (a) performing customer service functions, including but not limited to

receiving or responding to consumer complaints; (b) formulating or providing, or

arranging for the formulation or provision of, any telephone sales script or any other

written marketing material; (c) providing names of, or assisting in the generation of,

potential customers; (d) performing marketing services of any kind; or (e) acting as an

officer or director of a business entity.

## BAN ON SELLING WORK-AT-HOME BUSINESS OPPORTUNITIES

I.    **IT IS THEREFORE ORDERED** that Defendant, whether acting directly or through any

person or entity, is permanently restrained and enjoined from (A) advertising, marketing,

promoting, offering for sale, distributing, or selling any work-at-home business opportunity, and

(B) assisting others engaged in the advertising, marketing, promoting, offering for sale,

distributing, or selling of any work-at-home business opportunity. Nothing in this Order shall be read as an exception to this paragraph.

## PROHIBITED BUSINESS ACTIVITIES

**II.    IT IS FURTHER ORDERED** that, in connection with the advertising, promotion, offer for sale, or sale of any good or service, Defendant and any person or entity through which she does business, and their successors, assigns, officers, agents, servants, employees, and those other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from:

    A.    Misrepresenting expressly or by implication, the income, earnings potential, profitability, or sales volume a consumer is likely to achieve with the purchase of or investment in any investment opportunity, business venture, or employment opportunity;

    B.    Misrepresenting, expressly or by implication the income, earnings potential, profitability, or sales volume achieved by any other purchaser of an investment opportunity, business venture, or employment opportunity;

    C.    Misrepresenting, expressly or by implication, the amount, nature, or degree of training, skill, or experience necessary, or support, guidance, instruction, or assistance that will be provided, to enable purchasers or participants to earn money through any investment opportunity, business venture, or employment opportunity;

    D.    Misrepresenting, expressly or by implication, the material terms and conditions of

any refund, cancellation, exchange or repurchase policy;

E.     Failing to disclose truthfully in a clear and conspicuous manner, before the
       consumer pays for any good or service, the material terms and conditions of any
       refund, cancellation, exchange, or repurchase  policy, including but not limited to
       the specific steps the consumer must take to request and obtain such action;

F.     Misrepresenting, expressly or by implication, any fact material to a consumer's
       decision to purchase any good or service; and

G.     Assisting others in violating any provision of Subsections A - F of this Section II.

### TELEMARKETING SALES RULE

III.   **IT IS FURTHER ORDERED** that Defendant and any person or entity through which
       she does business, and their successors, assigns, officers, agents, servants, employees, and
       those other persons or entities in active concert or participation with them who receive
       actual notice of this Order by personal service or otherwise, are hereby permanently
       restrained and enjoined from violating the Telemarketing Sales Rule, 16 C.F.R. Part 310,
       including any amendments thereto, including but not limited to:

A.     Misrepresenting, directly or by implication, the total costs to purchase, receive or
       use any good or service;

B.     Misrepresenting, directly or by implication, any material restriction, limitation or
       condition to purchase, receive or use any good or service;

C.     Misrepresenting, directly or by implication, any material aspect of the
       performance, efficacy, nature or central characteristic of any good or service;

D.     Misrepresenting, directly or by implication, any material aspect of the nature or

6

terms of any refund, cancellation, exchange or repurchase policies;

E.     Failing to disclose truthfully, in a clear and conspicuous manner, before a

customer pays for goods or services offered, any policy against making refunds,

cancellations, exchanges, or repurchases; and

F.     Providing substantial assistance or support to any seller or telemarketer while

knowing, or consciously avoiding knowing, that the seller or telemarketer is

engaged in any act or practice that violates 16 C.F.R. §§ 310.3 (a), (c) or (d), or

§ 310.4 of the TSR.

## CONSUMER LISTS

**IV.    IT IS FURTHER ORDERED** that Defendant and any person or entity through which

she does business, and their successors, assigns, officers, agents, servants, employees, and those

other persons or entities in active concert or participation with them who receive actual notice of

this Order by personal service or otherwise, are permanently restrained and enjoined from:

A.     Selling, renting, leasing, transferring, or otherwise disclosing the name, address,

telephone number, billing information (any data that enables any person to access

another person's account, such as a credit card, checking, savings, share or similar

account, utility bill, mortgage loan account, or debit card), e-mail address, or other

identifying information of any person who submitted such information to

Defendant, at any time prior to entry of this Order, in connection with the

purchase of any work-at-home business opportunity.

B.     Using or benefitting from, for commercial purposes, the name, address, telephone

number, billing information (any data that enables any person to access another

7

person's account, such as a credit card, checking, savings, share or similar

account, utility bill, mortgage loan account, or debit card), e-mail address, or other

identifying information of any person who submitted such information to

Defendant, at any time prior to entry of this Order, in connection with the

purchase of any work-at-home business opportunity.

C.       Provided, however, that Defendant may disclose such identifying information

(i) with the express written consent of the person whose information is disclosed,

(ii) to a law enforcement agency, or (iii) as required or authorized by any law,

regulation, or court order.

### MONETARY RELIEF

**V.     IT IS FURTHER ORDERED** that:

A.       Judgment is hereby entered against Defendant in the amount of ONE MILLION

DOLLARS ($1,000,000); provided, however, that this judgment shall be suspended (a) upon

Payment to the Federal Trade Commission or its designated agent, of $100,000, as set forth in

Section V.B.; and (b) as long as the Court makes no finding, as provided in Section VII of this

Order, that Defendant materially misrepresented or omitted to state the nature, existence, or value

of any asset.

B.       Defendant and the third parties identified below are ordered to turn over to the

Federal Trade Commission or its designated agents the following:

1.       Bank of America (Tampa Branch) shall, within ten (10) business days of

the date of entry of this Order, transfer to the FTC or its designated agent

all assets held in account number 003446629589;

8

2.      First Community Bank (Orange City Branch) shall, within ten (10) business days of the date of entry of this Order, transfer to the FTC or its designated agent all assets held in account number 346102646;

3.      Within ten (10) days after receiving the funds from the above accounts, the FTC shall notify defendant of the total amount received, and defendant shall thereafter have thirty (30) days to pay the difference of the amount received by the FTC and $100,000.

**PROVIDED** that to the extent any identified party cannot comply with this subsection without the assistance of Defendant, such party must, within three (3) business days of receiving this order, notify Defendant and counsel for FTC of its inability to comply.  Such notification shall specify the actions by Defendant which are necessary in order to comply within ten (10) business days of this Order; and Defendant shall immediately complete any action necessary to facilitate the identified third parties' ability to timely comply with subsections 1 and 2 above.

C.      Any funds received by the FTC pursuant to this Section V of this Order shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as equitable disgorgement.  Defendant shall have no right to challenge the FTC's choice of remedies or the manner of

distribution.

D.      While Defendant does not admit any of the facts alleged in the Complaint other than jurisdictional facts, Defendant agrees that the facts as alleged in the Complaint shall be taken as true in the event of any subsequent litigation to collect amounts due pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy proceeding.

E.      The judgment entered pursuant to this Section V is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture.

F.      Defendant acknowledges and agrees that any money paid pursuant to this Order is irrevocably paid to the FTC for purposes of settlement between the FTC and Defendant, and Defendant relinquishes all rights, title, and interest to such money.

G.      Defendant is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC any and all tax identification numbers for her, or for any business she owns or controls, to the extent she has not already done so.  That information shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## ASSET FREEZE

VI.     **IT IS FURTHER ORDERED** that, upon entry of this Order and payment of the amount set forth in Section V.B, the freeze of Defendant's assets shall be dissolved.

## RIGHT TO REOPEN

VII.    **IT IS FURTHER ORDERED** that the FTC's agreement to this Order is expressly premised on the truthfulness, accuracy and completeness of financial statements previously submitted by Defendant to the FTC.  If, upon motion by the FTC and opportunity for Defendant to

respond, the Court finds that the financial statements contain any material misrepresentation or

omission, the suspended judgment entered in Section V of this Order shall become immediately

due and payable; *provided, however,* that in all other respects this Order shall remain in full force

and effect unless otherwise ordered by the Court; and, *provided further*, that proceedings

instituted under this provision would be in addition to, and not in lieu of, any other civil or

criminal remedies as may be provided by law, including any other proceedings that the FTC may

initiate to enforce this Order.  For purposes of this Section VII,  Defendant waives any right to

contest any of the allegations in the Complaint.

## RECORD KEEPING PROVISIONS

**VIII.   IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of

this Order, in connection with any business where she is the majority owner or otherwise controls

the business, Defendant and her agents, employees, officers, corporations, successors, and assigns,

and those persons and entities in active concert or participation with them who receive actual

notice of this Order by personal service or otherwise, are hereby restrained and enjoined from

failing to create and retain the following records:

    A.    Accounting records that reflect the cost of goods or services sold, revenues

            generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting:  the name, address, and telephone number

            of each person employed in any capacity by such business, including as an

            independent contractor; that person's job title or position; the date upon which the

            person commenced work; and the date and reason for the person's termination, if

            applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts

paid, quantity of items or services purchased, and description of items or services

purchased, to the extent such information is obtained in the ordinary course of

business;

D.    Complaints and refund requests (whether received directly, indirectly or through

any third party) and any responses to those complaints or requests;

E.    Copies of all sales scripts, training materials, advertisements, or other marketing

materials; and

F.    Copies of each acknowledgment of receipt of Order required to be obtained

pursuant to Section XI of this Order.

## COMPLIANCE MONITORING

IX.   **IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating

compliance with any provision of this Order,

A.    Within ten (10) days of receipt of written notice from a representative of the FTC,

Defendant shall submit additional written reports, sworn to under penalty of

perjury; produce documents for inspection and copying; appear for deposition;

and/or provide entry during normal business hours to any business location in

Defendant's possession or direct or indirect control to inspect the business

operation;

B.    In addition, the FTC is authorized to monitor compliance with this Order by all

other lawful means, including but not limited to the following:

1.    obtaining discovery from any person, without further leave of court, using

12

the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

    2.      posing as consumers and suppliers to: Defendant, her employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice;

  C.     Nothing in this Order shall limit the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

  D.     Defendant shall permit representatives of the FTC to interview any employer, consultant, independent contractor, representative, agent, or employee, who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

## COMPLIANCE REPORTING BY DEFENDANT

**X.**    **IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

  A.     For a period of three (3) years from the date of entry of this Order,

    1.      Defendant shall notify the FTC of the following:

        a.      Any changes in her residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

        b.      Any changes in her employment status (including self-employment) within ten (10) days of the date of such change. Such notice shall

include the name and address of each business that she is affiliated

with, employed by, or performs services for; a statement of the

nature of the business; and a statement of her duties and

responsibilities in connection with the business;

c.     Any changes in her name or use of any aliases or fictitious names;
and

2.     Defendant shall notify the FTC of any changes in corporate structure that

may affect compliance obligations arising under this Order, including but

not limited to a dissolution, assignment, sale, merger, or other action that

would result in the emergence of a successor corporation; the creation or

dissolution of a subsidiary, parent, or affiliate that engages in any acts or

practices subject to this Order; the filing of a bankruptcy petition; or a

change in the corporate name or address, at least thirty (30) days prior to

such change, *provided* that, with respect to any proposed change in the

corporation about which the defendant learns less than thirty (30) days prior

to the date such action is to take place, Defendant shall notify the FTC as

soon as is practicable after obtaining such knowledge.

B.     One hundred eighty (180) days after the date of entry of this Order, Defendant shall

provide a written report to the FTC, sworn to under penalty of perjury, setting forth

in detail the manner and form in which she has complied and is complying with

this Order.  This report shall include, but not be limited to:

14

1.      Any changes required to be reported pursuant to subsection A above; and

2.      A copy of each acknowledgment of receipt of this Order obtained by the

defendant pursuant to Section XI;

C.      For the purposes of this Order, Defendant shall, unless otherwise directed by the

FTC's authorized representatives, mail all written notifications to the FTC to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, NW, Room NJ-2122
> Washington, DC 20580
> Re: FTC v. Guerra, Civil Action No. 6:04-cv-1395 (M.D. Fla).

D.      For purposes of this Order, the FTC is authorized to communicate directly with

Defendant.

## DISTRIBUTION OF ORDER BY DEFENDANT

XI.     **IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry

of this Order,

A.      Defendant, in connection with any business where (1) she controls, directly or

indirectly, the business or has a majority ownership interest, and (2) the business

engages in, or assists others engaged in, the advertising, promoting, marketing,

offering for sale, sale, or distribution of any investment opportunity, business

venture, or employment opportunity, shall deliver: (1) A copy of this Order to all

principals, officers, directors, and managers of that business; and (2) A copy of this

Order to all employees, agents, and representatives who engage in conduct related

15

to the subject matter of this Order.

B.    For any business where Defendant is not a controlling person but otherwise engages in, or assists others engaged in, the advertising, promoting, marketing, offering for sale, sale, or distribution of any investment opportunity, business venture, or employment opportunity, Defendant shall delivery a copy of this Order to all principals and managers of such business before engaging in such conduct.

C.    Defendant must secure a signed and dated statement acknowledging receipt of Orders distributed under the provisions of this Section XI within thirty (30) days after the occurrence of any of the events described herein.

**ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT**

**XII.   IT IS FURTHER ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the FTC a truthful sworn statement acknowledging receipt of this Order

## RETENTION OF JURISDICTION

**XIII.   IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification and enforcement of this Order.

**SO STIPULATED:**

_Amada Guerra_ 4/22/05
AMADA GUERRA, Defendant

_[signature]_ 4/22/05
TEELUCK PERSAD
Attorney for Defendant Amada Guerra

_[signature]_ 5/20/05
JAMES A. PRUNTY
GREGORY A. ASHE
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Attorney for Plaintiff

IT IS SO ORDERED, this ___3rd___ day of ___June___, 2005.

_[signature]_
ANNE C. CONWAY
United States District Judge